# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

CIRREX SYSTEMS LLC,

        Plaintiff,

v.

TRUSTEES OF COLUMBIA UNIVERSITY IN
THE CITY OF NEW YORK A/K/A
COLUMBIA UNIVERSITY MEDICAL CENTER,
DR. GREGG W. STONE, and
DR. GIORA WEISZ,

        Defendants.

Case No.:

**COMPLAINT**

**JURY DEMANDED**

    Plaintiff Cirrex Systems LLC ("Cirrex"), by its attorneys, for its Complaint for patent infringement against the Trustees of Columbia University in the City of New York a/k/a Columbia University Medical Center, Dr. Gregg W. Stone and Dr. Giora Weisz (together "Defendants") alleges as follows:

## THE PARTIES

    1.    Cirrex is a limited liability company organized under the laws of Georgia, having its principal place of business at 4425 Mariners Ridge, Alpharetta, Georgia 30005.

    2.    On information and belief, Trustees of Columbia University in the City of New York a/k/a Columbia University Medical Center ("CUMC") constitute and/or operate a hospital and medical research facility in the State of New York, County of New York. CUMC is one of the largest academic medical centers in the United States. CUMC has a principal place of business at 630 West 168th Street, New York, NY 10032.

    3.    On information and belief, Dr. Gregg W. Stone is a Professor of Medicine at Columbia University College of Physicians and Surgeons, and Director of Cardiovascular

Research and Education at the Center for Interventional Vascular Therapy at New York-Presbyterian Hospital/CUMC. On information and belief, Dr. Stone maintains an office at CUMC at the Herbert Irving Pavilion, 5th Floor, 161 Fort Washington Avenue, New York, NY 10032.

4. On information and belief, Dr. Giora Weisz is an Assistant Professor of Clinical Medicine at Columbia University College of Physicians and Surgeons, and Director of Clinical Cardiovascular Research at the Center for Interventional Vascular Therapy at New York-Presbyterian Hospital/CUMC. On information and belief, Dr. Weisz maintains an office at CUMC at the Herbert Irving Pavilion, 5th Floor, 161 Fort Washington Avenue, New York, NY 10032.

5. Cirrex is the owner of all rights, title and interest in and to U.S. Patent Nos. 6,366,726 ("the '726 Patent", attached as Exhibit A), 5,953,477 ("the '477 Patent", attached as Exhibit B), and 6,144,791 ("the '791 Patent", attached as Exhibit C) (collectively, "the Patents"). The Patents disclose and claim, *inter alia*, fiber optic technologies including fiber optic probes for *in vivo* identification and characterization of biological tissue.

6. Upon information and belief, CUMC and Drs. Stone and Weisz use and have used products that infringe the Patents, including the LipiScan and LipiScan IVUS (for "intravascular ultrasound") Coronary Imaging System and associated fiber optic probes for, *inter alia*, identification and characterization of vulnerable coronary artery plaques (hereinafter collectively "the LipiScan Products").

7. Upon information and belief, Defendants have derived substantial benefits from use of the infringing LipiScan Products.

2

## JURISDICTION AND VENUE

8. This Complaint for patent infringement arises under the patent laws of the United States, 35 U.S.C. § 1 et seq. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a).

9. Defendants' activities in New York subject them to personal jurisdiction in this District.

10. Venue in this Court is proper under 28 U.S.C. §§ 1391 and 1400.

## 35 BACKGROUND

### The '726 Patent

11. United States Patent No. 6,366,726 entitled "Fiber Optic Probes for Indwelling Investigations" was duly and legally issued on April 2, 2002 to inventors Michael L. Wach and Eric T. Marple. A true and correct copy of the '726 Patent is attached as Exhibit A.

12. The '726 Patent is currently in full force and effect. In accordance with 35 U.S.C. § 282, the '726 Patent, and each and every claim thereof, is presumed to be valid.

13. All rights, title and interest in and to the '726 Patent have been assigned to Cirrex, which is the sole owner of the '726 Patent.

### The '477 Patent

14. United States Patent No. 5,953,477 entitled "Method and Apparatus for Improved Fiber Optic Light Management" was duly and legally issued on September 14, 1999 to inventors Michael L. Wach and Eric T. Marple. A true and correct copy of the '477 Patent is attached as Exhibit B.

15. The '477 Patent is currently in full force and effect. In accordance with 35 U.S.C. § 282, the '477 Patent, and each and every claim thereof, is presumed to be valid.

16. All rights, title and interest in and to the '477 Patent have been assigned to Cirrex, which is the sole owner of the '477 Patent.

**The '791 Patent**

17. United States Patent No. 6,144,791 entitled "Beam Steering for Optical Fibers and Other Related Devices" was duly and legally issued on November 7, 2000 to inventors Michael L. Wach and Eric T. Marple. A true and correct copy of the '791 Patent is attached as Exhibit C.

18. The '791 Patent is currently in full force and effect. In accordance with 35 U.S.C. § 282, the '791 Patent, and each and every claim thereof, is presumed to be valid.

19. All rights, title and interest in and to the '791 Patent have been assigned to Cirrex, which is the sole owner of the '791 Patent.

## INFRINGEMENT OF THE PATENTS

20. Upon information and belief, Defendants have used and promoted, and continue to use and promote within the United States, optical fiber products and services including, but not limited to, the LipiScan Products, as well as other related products, processes and machinery related to such products, which infringe, include and/or practice one or more of the inventions claimed in the '726, '477 and '791 Patents.

## COUNT ONE
## FOR INFRINGEMENT OF THE '726 PATENT

21. Cirrex repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1 through 24, as set forth above.

22. On information and belief, Defendants have infringed and continue to infringe, have actively and knowingly induced and continue to actively and knowingly induce infringement of, and/or have contributed to and continue to contribute to acts of infringement of

at least claims 18, 37, 40, 43, 66, 72, 74 and 76 of the '726 Patent, in violation of one of more of 35 U.S.C. §§ 271(a), (b), (c), and/or (f).

23. Defendants' acts of using fiber optic products, including the LipiScan Products, that infringe, use, include, and/or practice one or more of the inventions claimed in the '726 Patent have been without the permission, consent, authorization, or license of Cirrex.

24. Cirrex has been damaged and will be irreparably injured by Defendants' continuing infringement.

25. Defendants will continue to engage in such infringing activities unless enjoined by the Court.

## COUNT TWO
## FOR INFRINGEMENT OF THE '477 PATENT

26. Cirrex repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1 through 31, as set forth above.

27. On information and belief, Defendants have infringed and continue to infringe, have actively and knowingly induced and continue to actively and knowingly induce infringement of, and/or have contributed to and continue to contribute to acts of infringement of at least claims 7, 8, 9 and 11 of the '477 Patent, in violation of one of more of 35 U.S.C. §§ 271(a), (b), (c), and/or (f).

28. Defendants' acts of using fiber optic products, including the LipiScan Products, that infringe, use, include, and/or practice one or more of the inventions claimed in the '477 Patent have been without the permission, consent, authorization, or license of Cirrex.

29. Cirrex has been damaged and will be irreparably injured by Defendants' continuing infringement.

30. Defendants will continue to engage in such infringing activities unless enjoined

by the Court.

## COUNT THREE
## FOR INFRINGEMENT OF THE '791 PATENT

31.   Cirrex repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1 through 38, as set forth above.

32.   On information and belief, Defendants have infringed and continue to infringe, have actively and knowingly induced and continue to actively and knowingly induce infringement of, and/or have contributed to and continue to contribute to acts of infringement of at least claims 1-4, 10-13 and 49-51 of the '791 Patent, in violation of one of more of 35 U.S.C. §§ 271(a), (b), (c), and/or (f).

33.   Defendants' acts of using fiber optic products, including the LipiScan Products, that infringe, use, include, and/or practice one or more of the inventions claimed in the '791 Patent have been without the permission, consent, authorization, or license of Cirrex.

34.   Cirrex has been damaged and will be irreparably injured by Defendants' continuing infringement.

35.   Defendants will continue to engage in such infringing activities unless enjoined by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Cirrex respectfully prays for entry of a judgment as follows:

A.   Finding that Defendants, have infringed, induced infringement of, and/or contributorily infringed one or more claims of the '726 Patent, the '477 Patent, and the '791 Patent;

B.   Awarding Cirrex damages for Defendants' infringement, inducement of infringement, and/or contributory infringement of the '726 Patent, the '477 Patent, and the '791

6

Patent;

      C.      Permanently enjoining Defendants, their officers, agents, servants, representatives, and employees, and all persons acting in concert with them, and each of them, from further infringing, inducing the infringement of, and/or contributorily infringing the '726 Patent, the '477 Patent, and the '791 Patent;

      D.      Awarding Cirrex costs and prejudgment interest pursuant to 35 U.S.C. § 284; and

      E.      Awarding Cirrex such other and further relief as the Court deems just, proper, and equitable.

## DEMAND FOR JURY TRIAL

Cirrex hereby demands a trial by jury on all issues so triable as a matter of right and law.

Respectfully submitted,

DATED: August 25, 2010      By: _/s/ Richard C. Pettus_
      Richard C. Pettus, Esq. (RP-5220)
      Scott E. Kolassa (EK-1234)
      KING & SPALDING LLP
      1185 Avenue of the Americas
      New York, NY 10036
      Telephone: (212) 556-2130
      Facsimile: (212) 552-2222
      Email: RPettus@kslaw.com

*Attorneys for Plaintiff*
*Cirrex Systems LLC*